# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOSE REYES, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:11-CR-0060-ODE-RGV-2 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:16-CV-2496-ODE-RGV |

## ORDER AND FINAL REPORT AND RECOMMENDATION

The Honorable Orinda D. Evans, United States District Judge, has referred Jose Reyes' pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 372], to the undersigned Magistrate Judge for consideration of "all but the Johnson[1]-based claim." [Doc. 407]. Additionally, the government has filed a motion for an extension of time to respond to Reyes' § 2255 motion, [Doc. 404], and a response, [Doc. 406]. Because Reyes has not responded to the government's motion for an extension, it is deemed unopposed, see LR 7.1B, NDGa., and is hereby **GRANTED**. The government's response, [Doc. 406], is deemed timely filed nunc pro tunc. For the reasons that follow, it is **RECOMMENDED** that grounds one, three, and four of Reyes' § 2255 motion be **DENIED**.

---

[1] Johnson v. United States, 135 S. Ct. 2551 (2015).

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a twelve-count third superseding indictment against Reyes, a.k.a. Tulile, and five co-defendants charging them with various offenses following a series of violent robberies of drug dealers. [Doc. 174]. Specifically, Reyes was charged in Count One with conspiring to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); in Count Nine with a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); in Count Ten with attempting to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A); in Count Eleven with possessing with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and in Count Twelve with using and carrying a firearm during and in relation to the offenses charged in Counts Nine, Ten, and Eleven, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). [Id.]. Reyes pleaded not guilty, [Doc. 205], and proceeded to a jury trial represented by court-appointed counsel Dennis C. O'Brien ("O'Brien"), [Docs. 17; 208; 211-12; 216-18; 222-23; 225-29; 318-23; 325-29; 334]. The jury found Reyes guilty on all counts. [Doc. 235]. The Court sentenced Ryes to 140 months of imprisonment on Counts One and Nine, to run concurrently; 60 months on Count Ten, to run consecutively to Counts One and Nine; 60 months on Count Eleven,

to run consecutively to Counts One, Nine, and Ten; and 120 months on Count Twelve, to run consecutively to all other counts, resulting in a total sentence of 380 months of imprisonment. [Doc. 261].

Reyes, still represented by O'Brien, appealed, arguing that: (1) the evidence was insufficient to prove the interstate commerce element beyond a reasonable doubt; (2) the Court erred in overruling Reyes' motion to suppress; (3) the Court erred in overruling Reyes' motion for severance; (4) the Court's jury instruction on the requisite interstate commerce element was erroneous; (5) the Court erred in overruling Reyes' motion to limit co-conspirator Julia Sanchez's testimony; (6) the Court erred in allowing Sanchez to incriminate Reyes with double hearsay; (7) the Court erred in allowing into evidence numerous instances of other crimes, wrongs, and acts as intrinsically interwoven with the indicted conspiracy; (8) the Court erred in overruling Reyes' motion for mistrial when testimony of a crime outside the scope of conspiracy was allowed; and (9) Reyes' within-the-guidelines sentence was unreasonable. Br. of Appellant at 20-38 (Dec. 21, 2012), United States v. Reyes, 596 F. App'x 800 (11th Cir. 2015) (No. 12-13417-DD). Reyes subsequently adopted the following issues raised by his co-defendants: (10) the Court constructively amended the essential elements of the indictment; (11) the Court imposed a sentence impermissible under

3

Apprendi v. New Jersey, 530 U.S. 466 (2000); (12) the government violated Reyes' statutory and constitutional rights to a speedy trial; (13) the Court failed to swear in the jury; (14) Reyes' sentence was impermissible under Alleyne v. United States, 133 S. Ct. 2151 (2013); (15) the Court abused its discretion in admitting evidence seized pursuant to an illegal arrest; (16) the Court removed an essential element from the domain of the jury and shifted the burden when it instructed the jury that cocaine dealers were involved in interstate commerce; (17) Reyes was deprived of his right to an impartial jury; (18) the Court erred in admitting certain evidence; and (19) the Court erred in instructing the jury regarding the intent required for § 924(c) aiding and abetting violations. Addendum to Br. of Appellant (Mar. 14, 2014), Reyes, 596 F. App'x 800. On January 5, 2015, the United States Court of Appeals for the Eleventh Circuit affirmed Reyes' convictions and sentence. Reyes, 596 F. App'x at 804. Reyes then petitioned for rehearing en banc, reasserting the merits of his Alleyne claim. Pet. for Reh'g (Jan. 26, 2015), Reyes, 596 F. App'x 800. The Eleventh Circuit summarily denied Reyes' petition for rehearing. Order (June 16, 2015), Reyes, 596 F. App'x 800. On October 19, 2015, the United States Supreme Court denied Reyes' petition for a writ of certiorari. Espinal v. United States, 136 S. Ct. 376 (2015).

4

Reyes timely filed this pro se § 2255 motion, arguing that O'Brien was ineffective for failing to: (1) argue on direct appeal that Reyes' § 924(c) conviction should be vacated in light of Rosemond v. United States, 134 S. Ct. 1240 (2014), because Reyes "demonstrably lacked knowledge of his co-defendants' guns during the commission of the . . . robbery" charged in Count Nine; (2) raise a Johnson claim on direct appeal; (3) raise the Alleyne decision on direct appeal before the Eleventh Circuit's January 5, 2015, decision; and (4) object to Reyes' 140-month sentence on Count One as unreasonable because it was "far above" his guideline range. [Doc. 372 at 16, 18-41]. The government responds that all of Reyes' grounds for relief lack merit. [Doc. 406 at 18-43]. Pursuant to the Court's order, this Report and Recommendation does not addresses ground two, "the Johnson-based claim." See [Doc. 407].

## II. DISCUSSION

### A. Legal Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

5

collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted).

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Id. at 697. A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate. . . .") (citation omitted). Counsel is not incompetent so long as the particular approach taken could be considered sound strategy. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc); see also Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("[A]

6

petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden.").

Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. In order to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The court need not address both components of an ineffective assistance claim "if the defendant makes an insufficient showing on one." Id. at 697.

"Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under Strickland." Dell v. United States, 710 F.3d 1267, 1273 (11th Cir. 2013) (citations omitted). Thus, to succeed on a claim of ineffective assistance of appellate counsel, a defendant must demonstrate "that counsel's performance was so deficient that it fell below an objective standard of reasonableness . . . [and] that but for the deficient performance, the outcome of the

7

appeal would have been different." Ferrell v. Hall, 640 F.3d 1199, 1236 (11th Cir. 2011). "[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (internal quotation marks and citation omitted).

**B.     Ground One: *Rosemond* Claim**

In his first ground for relief, Reyes argues that O'Brien was ineffective for failing to argue on direct appeal that Reyes' § 924(c) conviction should be vacated in light of Rosemond because Reyes "demonstrably lacked knowledge of his co-defendants' guns during the commission of the . . . robbery" charged in Count Nine. [Doc.372 at 16, 18-21]. In Rosemond, the United States Supreme Court held that to aid and abet a § 924(c) offense, a defendant must have *advance* knowledge of his confederate's plan to carry a firearm. Rosemond, 134 S. Ct. at 1249.

Although the third superseding indictment included aiding and abetting language for the § 924(c) offense, [Doc. 174 at 11-12], evidence submitted at trial showed that Reyes personally used and carried a firearm during the May 11, 2009, robbery charged in Count Nine. Co-conspirator Erik Livent testified that Reyes walked to the driver's side of the vehicle in which the drug customers the conspirators intended to rob were sitting and shot at them. [Doc. 326 at 114-5; Doc. 327 at 12-16,

8

19]. Additionally, one of the victims, Shawn Brumfiled, testified that both people who approached the car he was in were armed and shot at him and his cousin. [Doc. 323 at 188-99, 204]. Because the evidence showed that Reyes personally used and carried a firearm, Rosemond has no effect on his § 924(c) conviction. See Howard v. Warden, FCC Coleman-USP II, No. 5:14-cv340-OC-17PRL, 2017 WL 821684, at *2 (M.D. Fla. Mar. 2, 2017) (finding that Rosemond had no effect on a conviction for personally using or carrying a firearm). Accordingly, Reyes fails to show that O'Brien performed deficiently or that the outcome of the appeal would have been different had O'Brien raised this meritless issue, and ground one fails. See Ferrell, 640 F.3d at 1236.

**C.     Ground Three: *Alleyne* Claim**

In ground three, Reyes complains that O'Brien did not raise the Alleyne decision on direct appeal before the Eleventh Circuit's January 5, 2015, decision. [Doc. 372 at 35-38]. Reyes is incorrect. O'Brien presented an Alleyne claim in Reyes' March 14, 2014, addendum to his appellate brief. Addendum to Br. of Appellant (Mar. 14, 2014), Reyes, 596 F. App'x 800. The Eleventh Circuit rejected this claim without discussion. Reyes, 596 F. App'x at 801, 804. O'Brien also reasserted the merits of Reyes' Alleyne claim in the petition for rehearing en banc.

9

Pet. for Reh'g (Jan. 26, 2015), Reyes, 596 F. App'x 800. The Eleventh Circuit summarily denied Reyes' petition for rehearing. Order (June 16, 2015), Reyes, 596 F. App'x 800. Accordingly, Reyes cannot show that the outcome of his appeal would have been more favorable had O'Brien performed differently. Ferrell, 640 F.3d at 1236.

**D.  Ground Four: Sentence on Count One**

Finally, in ground four, Reyes asserts that O'Brien failed to object to Reyes' 140-month sentence on Count One as "far above" his guideline range of 33 to 41 months and on the ground that it violates the "parsimony provision" because it was greater than necessary to comply with the provisions of 18 U.S.C. § 3553(a). [Doc. 372 at 38-41]. Once again, Reyes is incorrect. Reyes' contention that his guideline range on Count One was 33 to 41 months ignores the Court's finding that his conviction on that count should cross reference to second degree murder in light of the homicide underlying that conviction. [Doc. 330 at 53-56]. With that cross reference, and after O'Brien's successful objections at sentencing, Reyes' guideline range was 235 to 293 months of imprisonment. [Id. at 51-52, 58-59, 98]. Thus, Reyes' 140-month sentence on Count One was 95 months below the low end of his guideline range. Additionally, O'Brien argued for an overall sentence below the guidelines

10

range, and, after the Court imposed a total sentence of 380 months imprisonment, O'Brien objected that it was unreasonable. [Id. at 107-10, 141]. The Court expressly considered the § 3553(a) factors, finding that "the actions that were carried out by the conspirators in this case were especially heinous and vicious," that Reyes got "a lower sentence on the robbery conspiracy because he was not actually present at two of the robberies," that Reyes had no "personal characteristics that would argue for a lower sentence," and that his sentence was adequate to punish him for his participation and to reflect the seriousness of his conduct and would deter him from committing future crimes. [Id. at 141-42]. Furthermore, O'Brien argued on appeal that Reyes' sentence was unreasonable. Br. of Appellant at 37-38, Reyes, 596 F. App'x 800. The Eleventh Circuit rejected this argument without discussion. Reyes, 596 F. App'x at 801, 804. The fact that O'Brien was ultimately unsuccessful in obtaining a lower sentence for Reyes does not demonstrate deficient performance by counsel. Chandler, 218 F.3d at 1314.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule

11

11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Reyes' grounds one, three, and four, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA as to those grounds.

### IV. CONCLUSION

For the foregoing reasons, the government's unopposed motion for an extension of time, [Doc. 404], is **GRANTED**, and **IT IS HEREBY RECOMMENDED** that grounds one, three, and four of Reyes' § 2255 motion, [Doc. 372], be **DENIED** and that a COA be **DENIED** as to those grounds.

12

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED** this 17th day of MAY, 2017.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)