

FILED IN CHAMBERS
U.S.D.C. - Atlanta
JUN 30 2017
James N. Hatten, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSE REYES, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:11-CR-0060-ODE-RGV-2 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:16-CV-2496-ODE-RGV |

## ORDER

This matter is currently before the Court on Jose Reyes' objection [Doc. 413] to the Final Report and Recommendation ("R&R") issued by Magistrate Judge Russell G. Vineyard [Doc. 409], which recommends that grounds one, three, and four of Reyes' 28 U.S.C. § 2255 motion [Doc. 372] be denied. In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir.

AO 72A
(Rev.8/82)

1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation" – it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

A federal grand jury in the Northern District of Georgia returned a twelve-count third superseding indictment against Reyes, a.k.a. Tulile, and five co-defendants charging them with various offenses following a series of violent robberies of drug dealers. [Doc. 174]. Specifically, Reyes was charged in Count One with conspiring to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); in Count Nine with a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); in Count Ten with attempting to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A); in Count Eleven with possessing with intent to

2

distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and in Count Twelve with using and carrying a firearm during and in relation to the offenses charged in Counts Nine, Ten, and Eleven, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). [Id.]. Reyes pleaded not guilty [Doc. 205] and proceeded to a jury trial represented by court-appointed counsel Dennis C. O'Brien ("O'Brien"), [Docs. 17; 208; 211-12; 216-18; 222-23; 225-29; 318-23; 325-29; 334]. The jury found Reyes guilty on all counts. [Doc. 235]. The Court sentenced Ryes to 140 months of imprisonment on Counts One and Nine, to run concurrently; 60 months on Count Ten, to run consecutively to Counts One and Nine; 60 months on Count Eleven, to run consecutively to Counts One, Nine, and Ten; and 120 months on Count Twelve, to run consecutively to all other counts, resulting in a total sentence of 380 months of imprisonment. [Doc. 261].

Reyes, still represented by O'Brien, appealed, arguing that: (1) the evidence was insufficient to prove the interstate commerce element beyond a reasonable doubt; (2) the Court erred in overruling Reyes' motion to suppress; (3) the Court erred in overruling Reyes' motion for severance; (4) the Court's jury instruction on the requisite interstate commerce element was erroneous; (5) the Court erred in overruling Reyes' motion to limit co-conspirator Julia Sanchez's testimony; (6) the Court erred

3

in allowing Sanchez to incriminate Reyes with double hearsay; (7) the Court erred in allowing into evidence numerous instances of other crimes, wrongs, and acts as intrinsically interwoven with the indicted conspiracy; (8) the Court erred in overruling Reyes' motion for mistrial when testimony of a crime outside the scope of conspiracy was allowed; and (9) Reyes' within-the-guidelines sentence was unreasonable. Br. of Appellant at 20-38 (Dec. 21, 2012), United States v. Reyes, 596 F. App'x 800 (11th Cir. 2015) (No. 12-13417-DD). Reyes subsequently adopted the following issues raised by his co-defendants: (10) the Court constructively amended the essential elements of the indictment; (11) the Court imposed a sentence impermissible under Apprendi v. New Jersey, 530 U.S. 466 (2000); (12) the government violated Reyes' statutory and constitutional rights to a speedy trial; (13) the Court failed to swear in the jury; (14) Reyes' sentence was impermissible under Alleyne v. United States, 133 S. Ct. 2151 (2013); (15) the Court abused its discretion in admitting evidence seized pursuant to an illegal arrest; (16) the Court removed an essential element from the domain of the jury and shifted the burden when it instructed the jury that cocaine dealers were involved in interstate commerce; (17) Reyes was deprived of his right to an impartial jury; (18) the Court erred in admitting certain evidence; and (19) the Court erred in instructing the jury regarding the intent required for § 924(c) aiding and

4

abetting violations. Addendum to Br. of Appellant (Mar. 14, 2014), Reyes, 596 F. App'x 800. On January 5, 2015, the United States Court of Appeals for the Eleventh Circuit affirmed Reyes' convictions and sentence. Reyes, 596 F. App'x at 804. Reyes then petitioned for rehearing en banc, reasserting the merits of his Alleyne claim. Pet. for Reh'g (Jan. 26, 2015), Reyes, 596 F. App'x 800. The Eleventh Circuit summarily denied Reyes' petition for rehearing. Order (June 16, 2015), Reyes, 596 F. App'x 800. On October 19, 2015, the United States Supreme Court denied Reyes' petition for a writ of certiorari. Espinal v. United States, 136 S. Ct. 376 (2015).

Reyes timely filed this pro se § 2255 motion, arguing that O'Brien was ineffective for failing to: (1) argue on direct appeal that Reyes' § 924(c) conviction should be vacated in light of Rosemond v. United States, 134 S. Ct. 1240 (2014), because Reyes "demonstrably lacked knowledge of his co-defendants' guns during the commission of the . . . robbery" charged in Count Nine; (2) raise a Johnson[1] claim on direct appeal; (3) raise the Alleyne decision on direct appeal before the Eleventh Circuit's January 5, 2015, decision; and (4) object to Reyes' 140-month sentence on Count One as unreasonable because it was "far above" his guideline range. [Doc. 372

---

[1] Johnson v. United States, 135 S. Ct. 2551 (2015).

5

at 16, 18-41]. The government responds that all of Reyes' grounds for relief lack merit. [Doc. 406 at 18-43].

The Court referred this matter to the Magistrate Judge for consideration of "all but the Johnson-based claim," i.e., ground two. [Doc. 407]. The Magistrate Judge found that Reyes had failed to show deficient performance by O'Brien or prejudice because Rosemond had no effect on Reyes' § 924(c) conviction for personally using and carrying a firearm during the May 11, 2009, robbery charged in Count Nine; O'Brien did present an Alleyne claim on direct appeal, which the Eleventh Circuit summarily rejected; and Reyes' 140-month sentence on Count One was 95 months below the low end of his guideline range and both this Court and the Eleventh Circuit found the sentence reasonable. [Doc. 409 at 8-11]. Reyes objects only to the Magistrate Judge's rejection of ground one, reasserting the merits of his Rosemond claim.[2] [Doc. 413].

After careful consideration, the Court finds that the Magistrate Judge's factual and legal conclusions were correct and that Reyes' objections have no merit.

---

[2] To the extent that Reyes raises new arguments with respect to this ground that he did not present to the Magistrate Judge, the Court declines to consider them. See Williams, 557 F. 3d at 1291-92 ("[R]equiring the district court to consider new arguments raised in the objections effectively would eliminate efficiencies gained through the Magistrates Act . . . .").

6

Accordingly, the Court **ADOPTS** the R&R [Doc. 409] as the opinion and order of the Court and **DENIES** grounds one, three, and four of Reyes' § 2255 motion [Doc. 372].

**SO ORDERED**, this ___30___ day of June, 2017.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)